IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>HATEM SALEM,<br><br>Defendant. | No. 1:25-cr-105<br><br><u>Count 1</u>: Conspiracy to Distribute and Possess with Intent to Distribute 50 Grams or More of Methamphetamine<br>(21 U.S.C. §§ 841(a)(1) & 846)<br><br><u>Count 2</u>: Conspiracy to Import a Listed Chemical with Intent to Manufacture a Controlled Substance<br>(21 U.S.C. §§ 952, 960(d), and 963)<br><br><u>Count 3</u>: Concealment Money Laundering (18 U.S.C. § 1956(a)(1)(B)(i)) |

<u>CRIMINAL INFORMATION</u>

<u>COUNT ONE</u>

*(Conspiracy to Distribute and Possess with Intent to Distribute
50 Grams or More of Methamphetamine)*

THE UNITED STATES ATTORNEY CHARGES THAT:

Beginning at least in and around September 9, 2024, and continuing thereafter up to and including January 30, 2025, the exact dates being unknown, in Fairfax County, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant HATEM SALEM did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others, both known and unknown, to unlawfully, knowingly, and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance in violation of Title 21, United States Code,

Sections 841(a)(1), (b)(1)(A)(viii).

Prior to committing this offense, the defendant HATEM SALEM was convicted of a serious drug felony as defined under 18 U.S.C. § 924(e)(2) and 21 U.S.C. § 802(57), to wit: Unlawful Importation of a Listed Chemical (GBL) with Intent to Manufacture a Controlled Substance (GHB), in violation of 21 U.S.C. §§ 952 and 960(d)(1), in the United States District Court for the District of Connecticut (Case Number 3:13CR210) on November 20, 2015. The defendant served a term of imprisonment of more than 12 months for this conviction and was released from said term of imprisonment within 15 years of the commencement of the instant offense.

(In violation of Title 21, United States Code, Section 846).

## COUNT TWO
*(Conspiracy to Import a Listed Chemical with Intent to Manufacture, or Knowing, or Having Reason to Believe, that the List I Chemical would be used to Manufacture a Controlled Substance)*

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

Beginning at least in and around February 2022, and continuing thereafter up to and including January 30, 2025, the exact dates being unknown, in Fairfax County, Virginia, within the Eastern District of Virginia, and elsewhere, the defendant HATEM SALEM did unlawfully, knowingly, and intentionally combine, conspire, confederate, and agree with others, both known and unknown, to unlawfully, knowingly, and intentionally import into the United States, a mixture and substance containing a detectable amount of Gamma-Butyrolactone ("GBL"), a List I chemical, with intent to manufacture, and knowing, and having reason to believe, that GBL would be used to manufacture Gamma Hydroxybutyric Acid ("GHB"), a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 952, 960(d)(1), and 960(d)(3).

(In violation of Title 21, United States Code, Section 963).

## COUNT THREE
*(Concealment Money Laundering)*

THE UNITED STATES ATTORNEY FURTHER CHARGES THAT:

On or about October 31, 2024, in the Eastern District of Virginia and elsewhere, the defendant, HATEM SALEM, did knowingly conduct and attempt to conduct a financial transaction affecting interstate and foreign commerce: to wit, the transfer of a check from a Liberty Bank Account ending in 5184 to the defendant's personal bank account which involved the proceeds of a specified unlawful activity, that is, conspiracy to distribute controlled substances, in violation of 21 U.S.C. section §§ 841 and 846 as charged in Count One of this Information, knowing that the transaction was designed in whole and in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of said unlawful activity, and that while conducting and attempting to conduct such financial transaction, the defendant knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

(In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i)).

## FORFEITURE NOTICE

The defendant, HATEM SALEM, is hereby notified, pursuant to Fed. R. Crim. P. 32.2(a), that upon conviction of the controlled substance offense alleged in Counts 1 and 2 of the Information, the defendant shall forfeit to the United States, pursuant to Title 21, United States Code, Sections 853(a) and 970, the following: any property constituting, or derived from, any proceeds the defendant obtained, directly or indirectly, as the result of such violation; and (2) any of the defendant's property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violation.

The defendant, HATEM SALEM, is hereby notified, pursuant to Fed. R. Crim. P. 32.2(a), that upon conviction of any of the offenses alleged in the Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), all firearms and ammunition involved in or used in the commission of the offense.

The defendant, HATEM SALEM, is hereby notified, pursuant to Fed. R. Crim. P. 32.2(a), that upon conviction of the offense set forth in Count 3 of the Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), all property, real or personal, involved in the offense and any property traceable to such property.

(continued on next page)

Pursuant to 21 U.S.C. § 853(p), HATEM SALEM shall forfeit substitute property, if, by any act or omission of HATEM SALEM, the property referenced above cannot be located upon the exercise of due diligence; has been transferred, sold to, or deposited with a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty.

(Pursuant to Title 18, United States Code, Sections 924(d)(1) and 982(a)(1); Title 21, United States Code, Section 853; Title 28, United States Code, Section 2461(c); and Fed. R. Crim. P. 32.2(a).)

Respectfully submitted,

Erik S. Siebert
United States Attorney

By:     /s/
Lauren E. Hahn
Special Assistant United States Attorney (LT)
Annie Zanobini
Assistant United States Attorney